UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick L. Weaver, | ) | Case No.: 1: 17 CV 123 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| The Ohio Department of Rehabilitation and Correction, *et al.*, | ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Defendants | ) | |

**Background**

*Pro se* plaintiff Patrick L. Weaver, a state prisoner currently incarcerated in the Mansfield Correctional Institution (MCI), has filed this *in forma pauperis* civil rights damages action against the Ohio Department of Rehabilitation and Correction (ODRC) and MCI Corrections Officer K. Shepard. (Doc. No. 1.) In his complaint, he alleges that his constitutional rights under the Eighth Amendment were violated in connection with an incident that occurred on December 1, 2016. He alleges Officer Shepard became highly upset with him after he indicated he was sleeping on the floor of his cell and did not want to eat dinner. Officer Shepard allegedly entered the plaintiff's cell and kicked the plaintiff in his torso, injuring his back and ribs. The plaintiff became angry, covered the door to his room with a blanket, and a "tug of war" with the blanket ensued. Officer Shepard told the plaintiff, "I'll show your ass," and shut off all of the running water to the plaintiff's cell and emptied two full bottles of O.C. spray into it, causing the plaintiff to gasp for air and his skin to burn. (*Id*. at 5.) The plaintiff's requests for medical attention were ignored. He was left in his cell without water, suffering severe burns on his skin and an inability to breathe. After he pleaded for officers to turn the water in his cell back on, an officer responded, "you should never have been

talking shit." (*Id*. at 6.)

On April 10, 2017, the plaintiff filed a motion to amend his complaint to allege that the "Ohio Dept. of Rehab & Corrections/Mansfield Corr. Institution's Investigator has failed to investigate the guards or incident." (Doc. No. 3.) That motion is granted.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§1915(e) and 1915A, to review all *in forma pauperis* actions and actions in which a prisoner seeks redress from a governmental entity or employee, and to dismiss before service any such action – or portion of it – that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed against the ODRC but that the action may proceed against Officer Shepard.

Although prison officials may be required to use force to ensure prison security, they may violate the Eighth Amendment's proscription against cruel and unusual punishment if the force used amounts to an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The core judicial inquiry when a prison official stands accused of using excessive force in violation of the Eighth Amendment is whether the force was applied in a good-faith effort to maintain or restore order, or maliciously and sadistically to cause harm. *See, e.g., Hudson v McMillian*, 503 U.S. 1 (1992). Viewing the complaint at this juncture as the Court must in the light

2

most favorable to the plaintiff, the Court cannot conclude that the plaintiff may not have a plausible claim against Officer Shepard; therefore, the action may proceed against him.

The plaintiff's complaint, however, fails to state a plausible claim and must be dismissed against the ODRC. The Eleventh Amendment prohibits a federal court from hearing a claim against a state unless Congress has explicitly abrogated a state's immunity or the state itself has consented to suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). ODRC is an arm of the state and may not be sued for damages under §1983. *See id.*; *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993); *Danford v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-CV-124, 2011 WL 245588, at *2 (S.D. Ohio Jan. 25, 2011) ("The ODRC is an agency of the State of Ohio. Neither the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court.").

The plaintiff's allegations in his motion to amend are insufficient to allege a plausible claim. *See Truss-El v. Bradley*, 80 F. App'x 425, 426 (6th Cir. 2003) (finding allegations that supervisory prison officials failed to prevent an assault on an inmate, and failed to investigate the inmate's grievances, insufficient to state a plausible claim).

### Conclusion

Accordingly, for the reasons stated above, the plaintiff's complaint is dismissed against the ODRC pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. This action shall proceed solely as against Officer Shepard. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process upon Officer Shepard, and **a copy of this order shall be included in the**

**documents served**.

　　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　/S/ SOLOMON OLIVER, JR.
　　　　　　　　　　　　　　　　　　　CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT


April 12, 2017