UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK WEAVER, *Pro Se*, | ) | Case No.: 1:17 CV 123 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is *Pro Se* Plaintiff Patrick L. Weaver's first Motion for Appointment of Counsel (ECF No. 17), second Motion for Appointment of Counsel (ECF No. 18), and third Motion for Appointment of Counsel (ECF No. 30) (collectively, "Motions for Appointment of Counsel"). Also pending is Defendant Correctional Officer K. Shepard's ("Defendant" or "Shepard") Motion to Strike Declaration ("Motion to Strike") (ECF No. 21). For the following reasons, the court denies the Motions for Appointment of Counsel and the Motion to Strike.

## I. BACKGROUND

On January 17, 2017, Plaintiff, an inmate at Mansfield Correctional Institution ("Mansfield"), commenced this action, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. In his Complaint (ECF No. 1), Plaintiff alleges that upon refusing to accept dinner, he was kicked by Defendant. (*Id*. at 4.) He alleges that after then covering his cell door with a blanket and engaging in a "tug of war" with Defendant for the blanket, Defendant returned thirty minutes later to shut off all water to Plaintiff's cell and deploy two full cans of pepper spray into Plaintiff's cell. (*Id*. at 4–5.)

Further, Plaintiff alleges that he was then moved to another room without water and left there "completely naked" until being taken to see the nurse. (*Id*. at 5–6.) On September 1, 2017, Plaintiff filed his first Motion for Appointment of Counsel, which is in fact Plaintiff's Affidavit of Need. On October 27, 2017, Plaintiff filed his second Motion for Appointment of Counsel. Plaintiff also filed the Declaration of Tre'Vonne Howell ("Howell Declaration") (ECF No. 19) on October 27, 2017, in response to which Defendant filed his Motion to Strike on November 8, 2017. On March 27, 2017, Defendant filed a Motion for Summary Judgment (ECF No. 28).

## II. LAW AND ANALYSIS

### A. Motion for Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(d) (1988), "a district court has discretion to appoint counsel for an indigent civil litigant." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citing *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (explaining that a denial of counsel "will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'") (internal quotations omitted)). However, because the appointment of counsel in a civil case is a privilege, rather than a constitutional right, it "is justified only by 'exceptional circumstances.'" *Lavado*, 992 F.2d at 605–06 (explaining that, "[i]n determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent [him or herself]," and that the appointment of counsel is not appropriate "when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." (internal citations omitted)).

In some cases, "such exceptional circumstances exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare, or present it." *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (emphasis added) (granting plaintiff's

objection to magistrate judge's order denying appointment of counsel where the plaintiff presented a colorable claim, "as evinced by his ability to survive a summary judgment motion," and where the prison policy, which barred the plaintiff's ability to search for potential witnesses to the alleged beatings, created "an unusual barrier to adequate investigation, preparation, and presentation of his claim.").

Plaintiff believes *pro bono* counsel is necessary in order for him to proceed with his case because: (1) he is unable to afford counsel; (2) his imprisonment will greatly affect his ability to litigate his case because of his limited access to the law library and limited knowledge of the law; (3) the nature of the case will likely produce conflicting testimony and counsel would assist Plaintiff in presenting evidence and cross-examining witnesses; and (4) Plaintiff has made repeated attempts to obtain counsel.

The court finds that, at this stage in the litigation, the complexity of the issues in this case do not necessitate the appointment of counsel at this time. Based upon a review of the documents filed by Plaintiff so far, it appears that he is able to represent himself sufficiently at this time. Moreover, Plaintiff has not yet demonstrated that he has a colorable claim by, for example, surviving a motion to dismiss or a motion for summary judgment. *See Brown v. Kordis*, 46 F. App'x 315, 317 (6th Cir. 2002) (affirming denial of *pro se* prisoner's request for appointment of counsel where the district court did not err in granting summary judgment to the officer on the prisoner's § 1983 excessive force claim, evincing that he only had a slim chance of success). Accordingly, the court denies Plaintiff's Motions for Appointment of Counsel at this time.

### B. Motion to Strike

Defendant moves to strike the Howell Declaration, arguing that it is as an unauthorized filing

that is not related to any motion before the court. Tre'Vonne Howell is also an inmate at Mansfield and his Declaration describes his alleged observations of the incident at issue.

It is clear that "[t]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing Fed. R. Civ. P. 12(f)). Rather, "trial courts make use of their inherent power to control their dockets, when determining whether to strike documents or portions of documents. *Zep Inc.*, 726 F. Supp. at 822 (citing *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir.2003)).

In the present case, the court considers the fact that Plaintiff is proceeding *pro se*, and that the Declaration of Howell was not filed in relation to any motion. Since Defendant's Motion for Summary Judgment is now pending, and Plaintiff's *pro se* Complaint suggests that the possibility of a colorable claim, the court will consider the Howell Declaration in relation to Defendant's pending Motion for Summary Judgment. Thus, the court, exercising its discretion, denies Defendant's Motion to Strike.

### III. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Motions for Appointment of Counsel (ECF Nos. 17, 18 and 30) and Defendant's Motion to Strike (ECF No. 21). The court will consider the Declaration of Tre'Vonne Howell (ECF No. 19) in relation to Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 24, 2018